[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10530
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00199-BJD-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRKLAND GEORGE LAWRENCE,
a.k.a. Killa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 16, 2021)

Before WILLIAM PRYOR, Chief Judge, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Kirkland Lawrence appeals his sentence of 105 months of imprisonment following his convictions of one count of attempting to distribute heroin, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, three counts of distributing cocaine, *id.* § 841(a)(1), 841(b)(1)(C), one count of possessing a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i), and two counts of possessing a firearm as a felon, *id.* §§ 922(g)(1), 924(a)(2). Lawrence pleaded guilty to all charges without a plea agreement. He argues that his sentence is substantively unreasonable. We affirm.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). The party who challenges the sentence has the burden to show that the sentence is unreasonable in the light of the record and the statutory sentencing factors. *Id.* The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). Those factors include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory guideline range. *Id.*

2

The district court did not abuse its discretion by sentencing Lawrence to 105 months of imprisonment. After he served an 11-year sentence for armed robbery, Lawrence returned to criminal activity by selling drugs and firearms. And he endangered his child by including her in his transactions. A video recording made by a confidential informant showed Lawrence's daughter sitting on his lap with drugs and a gun nearby. The district court reasonably determined that the need to punish, deter similar future conduct, and protect vulnerable persons, like children, warranted sentencing Lawrence to six concurrent terms of 45 months and order that those terms run consecutive to a statutory mandatory minimum sentence of 60 months for possessing a firearm in furtherance of drug trafficking. *See id.* Lawrence argues that the district court gave his problematic childhood and his desire to provide for his daughter inadequate weight, but the decision about what weight to give any sentencing factor rests within the sound discretion of the district court. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Lawrence's sentence, which is within his advisory guideline range and well below his statutory maximum penalty of 20 years of imprisonment, is reasonable. *See United States v. Smith*, 967 F.3d 1196, 1215 (11th Cir. 2020) (below maximum penalty); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (within-guidelines sentence).

We **AFFIRM** Lawrence's sentence.